UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MARVIN CHARLES GABRION,            )
                                   )
            Petitioner,             )     Case No. 1:10-cv-328
                                   )
v.                                 )     Honorable Paul L. Maloney
                                   )
UNKNOWN PARTIES,                   )
                                   )     **REPORT AND RECOMMENDATION**
            Respondent.             )
_____)

This purports to be an action for habeas corpus relief brought by a federal prisoner pursuant to 28 U.S.C. § 2241. Petitioner, Marvin Charles Gabrion, is an inmate in the U.S. Penitentiary at Terre Haute, Indiana, having been convicted by a jury in this district of the murder of Rachel Timmerman at a location within the special maritime and territorial jurisdiction of the United States. 18 U.S.C. § 1111(a). Petitioner's conviction followed a six-day trial, at which a jury found petitioner guilty and recommended a sentence of death. Judge Robert Holmes Bell imposed sentence on March 16, 2002. (*United States v. Gabrion*, case no. 1:99-cr-76, docket # 527).

Petitioner's criminal conviction is presently on appeal before the United States Court of Appeals for the Sixth Circuit. That court has issued a published opinion finding that the federal government had jurisdiction to prosecute petitioner under 18 U.S.C. § 1111 and that the trial court had subject-matter jurisdiction to enter an order of conviction and sentence. *United States v. Gabrion*, 517 F.3d 839 (6th Cir. 2008), *cert. denied*, 129 S. Ct. 1905 (2009). The criminal case remains before the Court of Appeals for review of the remaining 25 claims of error raised by

petitioner's appointed counsel relating to both the validity of the conviction and the propriety of the sentence.

The present petition is one of the numerous *pro se* filings made by petitioner both in this court and in the Court of Appeals. Like petitioner's other filings, his habeas corpus petition is angry, profane, and virtually incoherent. To the extent that it is intelligible, the petition seems to complain both about the conditions of petitioner's confinement in Terre Haute, Indiana, and the legality and regularity of the proceedings leading up to petitioner's criminal conviction.

Although the petition purports to be brought under 28 U.S.C. § 2241, the court has authority to apply the Rules Governing Section 2254 Cases in the District Court to this action. *See* Rule 1(b), RULES GOVERNING SECTION 2254 CASES; *see also Castillo v. Pratt*, 162 F. Supp. 2d 575, 577 (N.D. Tex. 2001); *Barkley v. Bay Twp.*, No. 1:06-cv-111, 2006 WL 626269, at * 1 n.1 (W.D. Mich. Mar. 9, 2006). Promptly after the filing of a petition for habeas corpus, the court is required to undertake a preliminary review of the petition to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING SECTION 2254 CASES. The Habeas Corpus Act contains a similar requirement. 28 U.S.C. § 2243. If the court finds that petitioner is plainly not entitled to relief, the petition must be dismissed. A dismissal under Rule 4 is appropriate where the petition raises a legally frivolous claim or contains palpably incredible or false factual allegations. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). This matter has been referred to me for all preliminary purposes, including initial screening under Rule 4, pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 10 of the Section 2254 Rules.

Upon review of the petition, I conclude that it should be summarily dismissed. None of petitioner's claims are properly raised in a habeas corpus proceeding filed in the court of conviction. Under 28 U.S.C. § 2241, a prisoner may challenge the execution of his sentence or the manner in which the sentence is being served. *See Lee v. Rios*, 360 F. App'x 625, 628 (6th Cir. 2010). A petition for habeas relief under section 2241, however, may only be brought in the district of confinement. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). Any other district lacks jurisdiction over the petition. Because petitioner is not confined in the Western District of Michigan, this court does not have jurisdiction over a section 2241 petition challenging the method by which petitioner's sentence is being executed.

Petitioner's challenges to the competency of his trial and appellate counsel, fairness of the trial judge, and regularity of the proceedings surrounding his criminal conviction are also improper subjects for a habeas corpus petition at this time. The Sixth Circuit has squarely held that a petition for writ of habeas corpus under section 2241 "is reserved for a challenge to the manner in which a sentence is executed, rather than the validity of the sentence itself." *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998). The *Capaldi* court went on to hold that a section 2255 motion is the appropriate procedural vehicle by which a federal prisoner may challenge his conviction or sentence, but that a district court "is precluded from considering a section 2255 application for relief during the pendency of the applicant's direct appeal." *Id.* at 1124. As petitioner's appeal of right is still pending before the Sixth Circuit, his collateral attack in a habeas corpus petition is premature. Although the Court of Appeals would allow the maintenance of a premature section 2255 proceeding in "extraordinary circumstances," no such circumstances are present here. Indeed, it would be a travesty to allow petitioner to exhaust his one and only section 2255 proceeding at this time, given

the fact that he is now represented on appeal by able defense lawyers and will undoubtedly have the assistance of counsel in future section 2255 proceedings if his appeal of right is unsuccessful. In these circumstances, the court should not entertain a premature, *pro se* habeas corpus challenge to petitioner's conviction.

### Recommended Disposition

For the foregoing reasons, I recommend that the habeas corpus petition be summarily dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Proceedings in the District Courts.

Dated:  June 16, 2010                    /s/  Joseph G. Scoville
                                         United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).